**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT AIKINS,<br>Petitioner,<br>v.<br>A. BLYTHE,<br>Respondent. | CASE NO. 2:26-cv-04432-CV (SK)<br><br>**FINAL ORDER TO SHOW CAUSE** |

Petitioner is a California state prisoner who was convicted of voluntary manslaughter and assault with a semiautomatic firearm. His sentence for those crimes includes a combined 20-year consecutive term based on enhancements for personal firearm-use and gang-related criminal activity under California state law. In a petition under 28 U.S.C. § 2254, he claims that the state trial court erred in various ways by applying those sentencing enhancements. But because such claims allege only a violation of state sentencing law, petitioner was ordered to show cause why the § 2254 petition should not be dismissed for failure to state cognizable federal-law claims. In response, petitioner summarily asserts that federal habeas review is appropriate because the "sentencing court abused its discretion" in violation of the Eighth and Fourteenth Amendments by imposing "invalid" or "unauthorized" gang and firearm enhancements. (ECF 7 at 2-3).

But "merely placing such a [constitutional] label on an alleged state law sentencing violation is insufficient to state a cognizable federal constitutional claim." *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1041 n.27

(C.D. Cal. 2010). If it were, "every erroneous decision by a state court on state law would come here as a federal constitutional question." *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting *Hughes v. Heinze,* 268 F.2d 864, 869–870 (9th Cir. 1959)). What's more, vague or conclusory assertions are not enough to save a petition that states no cognizable federal habeas claim on its face. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Even a liberally construed pro se "petition must still allege sufficient facts to state a cognizable claim under 28 U.S.C. § 2254." *Clark v. Broomfield*, 83 F.4th 1141, 1148 (9th Cir. 2023).

Petitioner is thus ORDERED TO SHOW CAUSE within **21 days** of this order why his § 2254 petition should not be dismissed for failure to allege a cognizable federal law claim. *See* Rule 4 of Rules Governing Section 2254 Cases. Merely alleging in conclusory fashion that the alleged state-law sentencing errors are federal constitutional violations or reciting in summary terms federal legal standards with no supporting factual allegations will not suffice. At the same time, nothing in this order prevents petitioner from seeking postconviction relief in the state courts based on alleged state-law errors. Meanwhile, failing to file the attached notice of voluntary dismissal on time or to respond on time to this order with an amended petition stating cognizable federal claims will lead to involuntary dismissal of this action without further warning or notice. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.

DATED: July 21, 2026

STEVE KIM
United States Magistrate Judge